**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **CRIMINAL NO. JKB-19-0036** |
| **WAYNE GILLIAM,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Pending before the Court is Wayne Gilliam's Motion for Compassionate Release. (ECF No. 1679.) The Court will deny the Motion.

## I. Background

Gilliam pleaded guilty to conspiracy to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1692(d). (ECF No. 1217.) The Stipulation of Facts describes the activities of the relevant enterprise, CCC. (*Id.* at 10.) The parties stipulated that Gilliam is a member of CCC, and that "[h]e and other Defendants are responsible for more than a dozen murders and numerous non-fatal shootings, robberies, and carjackings between 2015 and 2020." (*Id.*) The Stipulation of Facts describes two racketeering acts in particular, noting that such acts were reasonably foreseeable to Gilliam and were within the scope of his agreement to engage in CCC's affairs: the murder of Corey Moseby in 2018 and the attempted murder of rival gang members in 2019. (*Id.* at 10–11.) Gilliam was sentenced to 300 months' imprisonment. (ECF No. 1383.)

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's

sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

The Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In November 2023, the Sentencing Commission issued guidance about what qualifies as extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Fourth Circuit has held that "district courts deciding motions for compassionate release after November 1, 2023, should apply § 1B1.13 when rendering their decisions." *United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

## III. Analysis

Gilliam does not set forth extraordinary and compelling reasons justifying his release. Even if he had, the § 3553(a) factors do not favor a reduced sentence. The pending Motion will be denied.

### A. Extraordinary and Compelling Reasons

Gilliam presents the following circumstances as extraordinary and compelling reasons justifying his release: (1) his status as a youthful offender at the time of the offense; (2) his zero criminal history points; and (3) his post-sentencing rehabilitation and exemplary conduct in prison. (ECF No. 1679 at 1.)

Gilliam argues that the "instant offense occurred before he reached age 25" and he "falls squarely within the class that Amendment 829 aims to address." (*Id.* at 2.) The Court does not find that this provides an extraordinary and compelling reason justifying his release. Indeed:

> Amendment 829 . . . enacted in 2024, states that a defendant's youthfulness at the time an offense was committed is a relevant factor in sentencing and may warrant a downward departure. § 5H1.1 Amend. 829. However, not all amendments apply retroactively. Pursuant to § 1B1.10(d), Amendment 829 does not apply retroactively for determinations of sentence reductions under § 3582(c)(2). Therefore, a court may not consider Amendment 829 to determine whether an

> extraordinary and compelling reason to reduce a sentence exists unless there is an independent, additional reason warranting a sentence reduction. § 1B1.13(c).

*United States v. Brown*, Crim. No. RDB-06-179, 2025 WL 2958808, at *3 (D. Md. Oct. 17, 2025). The Court also finds that Gilliam's youth at the time of the offense—on its own—fails to qualify as an extraordinary and compelling reason justifying his release.

Gilliam next asserts that Amendment 821 applies to his sentence. (ECF No. 1679 at 2.) This likewise does not provide an extraordinary and compelling reason. Although Amendment 821 applies retroactively, it does not apply here. Part B to Amendment 821 provides a mechanism for certain zero-point offenders (i.e., criminal defendants with no criminal history points) to obtain a reduction of their offense level. *See* U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet the criteria enumerated in the amendment, including that "the defendant did not use violence or credible threats of violence in connection with the offense" and that "the offense did not result in death or serious bodily injury." *Id.* Although Gilliam has no criminal history points, he is not eligible for a reduction in his offense level, given the stipulated facts in Gilliam's plea agreement.

Finally, Gilliam asserts that his rehabilitation qualifies as an extraordinary and compelling reason justifying his release. (ECF No. 1679 at 3.) However, in the absence of other extraordinary and compelling reasons justifying his release, rehabilitation is not enough. U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

Accordingly, Gilliam fails to present extraordinary and compelling reasons justifying his

release. His pending Motion must be denied on this basis alone.

**B. Section 3553(a) Factors**

Even if Gilliam had presented extraordinary and compelling reasons justifying his release, the § 3553(a) factors do not favor a reduction in his sentence. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

In consideration of these factors, the Court concludes that 300 months continues to be the sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2). In imposing that sentence, the Court took into account Gilliam's history and characteristics, including Gilliam's difficult childhood and mental impairments. The Court also reviewed the nature and seriousness of the offense, describing CCC as a "killing machine," and noting that Gilliam knowingly became part of the organization and shared in its purpose and objectives. The Court found a great need for both specific and general deterrence. The Court also—despite noting that Gilliam did not have a prior criminal history—found that he was a "profoundly dangerous human being" because he was "willing to be part of the killing operation."

The Court recognizes that "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, J., concurring). However, the Court continues to find that the reasons for which it initially imposed a 300-month

sentence continue to hold true today.

## IV. Conclusion

Accordingly, for the foregoing reasons, Gilliam's Motion for Compassionate Release (ECF No. 1679) is DENIED.

DATED this 19 day of October, 2026.

BY THE COURT:

James K. Bredar
United States District Judge